IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

James C. Sherrod
Plaintiff

                                              **CIVIL ACTION NO.: 04-208 ERIE**
                                Judge Sean J. McLaughlin/Magistrate Susan Paradise Baxter

vs.

Booker T. Washington Center
Defendant

**PLAINTIFF'S PRE-TRIAL STATEMENT**

AND NOW, comes the Plaintiff, James C. Sherrod, by and through his attorney, and files the following Pre-Trial Statement:

I. BRIEF STATEMENT OF MATERIAL FACTS

Plaintiff James C. Sherrod, an African American, served as the Executive Director of the Booker T. Washington Center. He held this position from November 1998 until he received a notice of termination in September 2002. The notice was the result of an alleged incident that occurred while Plaintiff was on vacation, from on or about August 5 to August 9, 2002, and while the defendant's Controller, Brian Bessetti, a Caucasian, was in charge of the agency.

Prior to his termination, Plaintiff had received a positive evaluation and a pay raise.

The alleged incident occurred on August 6, 2002. Plaintiff was notified late that evening and reported to work on August 7 to investigate the matter. Prior to completing his investigation, he was directed by the defendant's Vice-President, Mr. Sean Coleman, to fire the adult supervisors of the field trip, all African Americans. Specifically, Mr. Coleman directed Plaintiff to "fire those Niggers". This directive came after Mr. Coleman had made two (2) other prior references to these individuals as "Niggers".

Believing he had to obey a directive from the Board, Mr. Sherrod did so reluctantly and after expressing his desire to complete the investigation.

On August 11, 2002, his last day of vacation, Mr. Sherrod was called by Mr. Coleman and told that on August 12, 2002, his first day in the office after his vacation, there would be a Board meeting. During the meeting, Mr. Sherrod was directed by Mr. Coleman to resign or be fired. Mr. Sherrod refused. His keys were taken.

On the evening of August 12, 2002, Mr. Coleman came to Mr. Sherrod's home and again asked him to resign. Mr. Sherrod refused.

Mr. Sherrod protested the Board's action and after being unsuccessful filed a discrimination complaint with the Equal Employment Opportunity Commission (EEOC). EEOC conducted a through investigation and found in his favor. This action was filed within a timely manner.

Despite being aware of the fact that Mr. Sherrod was on vacation and that Mr. Bessetti was in charge, the Board took no action against Mr. Bessitti.

II. WITNESSES

Plaintiff will call the following witnesses:

| | |
|---|---|
| 1. Plaintiff James C. Sherrod | Liability/Damages |
| 2. Randy Davis | Liability |
| 3. Lisa Flick | Liability |
| 4. Lester Howard | Liability |
| 5. Sonda Jamison | Liability |
| 6. Keyia Terry | Liability |
| 7. Anita Smith | Liability |
| 8. Deborah Sherrod | Liability/Damages |

Additional supporting witnesses may include:

| | |
|---|---|
| 1. Brian Bessetti | Liability/Damages |
| 2. Kevin Flowers | Liability/Damages |
| 3. Cathy Lyons | Liability |
| 4. Rege O'Neil | Liability |

Plaintiff reserves the right, with prompt notice to the defendant, to add to the above list or to call any all witnesses identified by defendant, including as on cross-examination.

III. SUPPORTING DOCUMENTS

Plaintiff will offer the following documents into evidence:

| | |
|---|---|
| 1. Employment Agreement | Exhibit Nos. 1 |
| 2. Termination Letter | 2 |
| 3. Booker T. Washington Center Incident Report | 3 |
| 4. Approved Field Trip Schedule | 4 |
| 5. News Articles Relating to Termination | 5 |
| 6. Letters Challenging Board Actions | 6 |
| 7. Defendant's Personnel Policies | 7 |
| 8. Defendant's By-Laws | 8 |
| 9. Defendant's Organizational Chart | 9 |
| 10. Plaintiff's Job Description | 10 |
| 11. Plaintiff's Performance Evaluation | 11 |
| 12. Defendant's Resignation Offer | 12 |
| 13. PA Unemployment Compensation Favorable Decision | 13 |

Any and all documents identified by the defendant.

Additionally, the Equal Employment Opportunity Commission obtained various documents and statements during its investigation of plaintiff's claim, which maybe used to support plaintiff's action, including for impeachment or clarification purposes.

No charts graphs, models, schematic diagrams and similar objects have presently been determined to be necessary by the Plaintiff. Nevertheless, Plaintiff agrees to disclose any such exhibits promptly upon determination that they will be used in any portion of the proceedings.

IV. LEGAL ISSUES NEEDING TO BE ADDRESSED

1. Whether the firing of Plaintiff was the result of race discrimination or other non-merit factors in violation of his rights under Title VII of the Civil rights Act of 1964, as amended, and the PA Human Relations Act, as amended?
2. Whether the firing of Plaintiff was in violation of his rights under Section 1881 of the Civil Rights Act of 1866?
3. Whether defendant's failure to pay Plaintiff wages and related fringe benefits from the day of his discharge, August 12, 2002 to September 24, 2002, violated PA's Wage Payment and Collection Act?
4. Whether Plaintiff is entitled to damages as a result of injury to his personal and professional reputation and the infliction of emotional distress?

V. DAMAGES

The crux of this case is Plaintiff's request for injunctive relief in the way of an order compelling the Defendant to re-instate Plaintiff into his Executive Director position.

Monetary damages would be in the way of an award of back and front pay (including pension and other retirement benefits), compensatory and punitive damages arising from the violation of his civil rights under Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, and under the Pennsylvania Human Relations Act. These damages will be established, in part, by demonstrating what Plaintiff would have been paid had he not been unlawfully fired. Plaintiff set forth a claim for relief under the Pennsylvania Wage Payment and Collection Law, which specifies the formula for damages. Plaintiff also seeks damages for injury to his personal and professional reputation and character and the infliction of severe emotional distress.

Attorneys fees will be demonstrated in this case by reference to the records of counsel.

Respectfully submitted,

_____
Edith Benson, Esquire
PA. Atty. No.: 33510
Benson Law Office
4683 Budd Drive
Erie, PA 16506
814-838-3670

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

James C. Sherrod
Plaintiff

**CIVIL ACTION NO.: 04-208 ERIE**
Judge Sean J. McLaughlin/Magistrate Susan Paradise Baxter

vs.

Booker T. Washington Center
Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certify that a true and correct copy of the within Pre-Trial Statement was served on Defendant's Attorney, Arthur D. Martinucci, by first class mail on February 6, 2006 at Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc., 2222 West Grandview Boulevard, Erie, PA 16506-4509.

_____
Edith Benson, Esquire