## AGREEMENT AND GENERAL RELEASE

The Booker T. Washington Center, on behalf of itself, its successors and assigns, and the employees, officers, directors and agents thereof (collectively referred to throughout this Agreement as "the Center"), and James C. Sherrod ("Sherrod"), agree that:

1. Sherrod's last day of employment with the Center shall be August ___, 2002. He has submitted a letter of resignation effective that date, which has been accepted by the Center's Board of Directors.

2. In consideration for signing this Agreement and General Release and compliance with the promises made herein, the Center agrees to provide the following severance benefits:

   - Continuation of salary, paid in normal payroll installments and subject to all normal, statutory, withholdings, for a period of eight (8) weeks (four (4) pay periods);
   - Continuation of health care benefits for a period of ninety (90) days, beginning August ___, 2002; and
   - The Center shall agree to not oppose Sherrod's application for unemployment compensation benefits following the expiration of the salary continuation period.

3. Sherrod understands and agrees that he would not receive the monies and/or benefits specified in paragraph "2" above, except for his execution of this Agreement and General Release and the fulfillment of the promises contained herein.

4. Sherrod knowingly and voluntarily releases and forever discharges the Center, of and from any and all claims, known and unknown, which Sherrod, his heirs, executors, administrators, successors, and assigns have, may have, or may have had against the Center at any time prior to the date of execution of this Agreement and General Release, including, but not limited to, any alleged violation of:

   - The National Labor Relations Act, as amended;
   - Title VII of the Civil Rights Act of 1964, as amended;
   - The Civil Rights Act of 1991;
   - Sections 1981 through 1988 of Title 42 of the United States Code;
   - The Employee Retirement Income Security Act of 1974, as amended;

- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990;
- The Fair Labor Standards Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Family and Medical Leave Act;
- The Pennsylvania Human Relations Act, as amended;
- The Pennsylvania Wage Payment and Collection Law, as amended;
- The Pennsylvania Minimum Wage Act, as amended;
- Pennsylvania Equal Pay Law, as amended;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; or
- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

5. Sherrod waives his right to file any charge or complaint on his own behalf and/or to participate in any charge or complaint which may be made by any other person or organization on his behalf before any federal, state, or local court or administrative agency against the Center, except as such waiver is prohibited by law. Should any such charge or complaint be filed Sherrod agrees that he will not accept any relief or recovery therefrom. Sherrod confirms that no charge, complaint, or action exists in any forum or form. Except as prohibited by law, in the event that any such claim is filed, it shall be dismissed with prejudice upon presentation of this Agreement and General Release and Sherrod shall reimburse the Center for the costs, including attorney's fees of defending any such action.

6. Sherrod waives any right to in any way voluntarily assist any individual or entity in commencing or prosecuting any action or proceeding including, but not limited to, any administrative agency claims, charges or complaints and/or any lawsuit against the Center or to in any way voluntarily participate or cooperate in any such action or proceeding, except as such waiver is prohibited by law.

7. Sherrod agrees not to disclose any information regarding the existence or substance of this Agreement and General Release, except to an attorney with whom Sherrod chooses to consult

2

regarding his consideration of the Agreement and General Release, his immediate family, or his tax consultant, all of whom shall likewise be subject to this confidentiality requirement. The parties agree that this confidentiality provision is essential to the Agreement and General Release, and that any breach of this provision by Sherrod constitutes a material breach of this paragraph, for which breach the Center would be entitled to injunctive relief and all remedies available at law or equity.

8. The parties agree that they shall not disparage each other or, as between Sherrod and the Center, its agents, servants or employees

9. In the event it is necessary for the Center to seek judicial enforcement of any portion of this Agreement, or to bring an action against Sherrod for breaching this Agreement, Sherrod shall be liable to the Center for all costs and counsel fees incurred by the Center in such action.

10. Sherrod understands that this agreement assumes no right to future employment with the Center. Sherrod agrees that he will not seek future employment with the Center at any time in the future.

11. Should any provision of this Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, including the general release language such provision shall immediately become null and void, leaving the remainder of this Agreement and General Release in full force and effect. However, if any portion of the general release language were ruled to be unenforceable for any reason, Sherrod shall return the consideration paid hereunder to the Center.

12. Sherrod agrees that neither this Agreement and General Release nor the furnishing of the consideration for this Release shall be deemed or construed at any time for any purpose as an admission by the Center of any liability or unlawful conduct of any kind

13. This Agreement and General Release may not be modified, altered or changed except upon express written consent of both Parties wherein specific reference is made to this Agreement and General Release.

14. This Agreement and General Release sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties

15. This Agreement shall be construed in accordance with the laws of the Commonwealth of Pennsylvania. The parties agree that the state and federal courts of the Commonwealth of Pennsylvania shall have jurisdiction over any dispute arising out of this Agreement, and that such of those courts as may be sitting in the County of Erie shall be the appropriate venue for any dispute arising under this Agreement.

_____
James C Sherrod

_____
Date

Signed and sworn before me this
\_\_\_\_ day of September, 2002.

_____
Notary Public

Document #132409

4