**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES C. SHERROD,**     **Plaintiff**<br><br>vs.<br><br>**BOOKER T. WASHINGTON CENTER,**     **Defendant** | Civil Action No. C.A. 04 – 208 ERIE<br><br>Magistrate Judge Susan Paradise Baxter<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S "STATEMENT OF DISPUTED MATERIAL FACTS"**

AND NOW, comes the Defendant, Booker T. Washington Center ("BTWC"), by and through its attorneys, Quinn Buseck Leemhuis Toohey & Kroto, Inc., and files the within Response to Plaintiff's "Statement of Disputed Material Facts," of which the following is a statement:

1. Admitted that the Plaintiff, James Sherrod ("Sherrod") is African-American. Complaint. ¶4. Denied that he was terminated because of his race, or that this issue is a "material fact," as opposed to the ultimate question in this case.

2. Denied. Exhibits 2(a)-(c); Exhibits 5-7; Exhibit 13.

3. Denied. Exhibits 2(a)-(c); Exhibits 5-7; Exhibit 13.

4. Denied that this contention is a material fact.

5. Denied as stated. Exhibit 1 speaks for itself. Sherrod was an at-will employee.

6. Denied. Sherrod served as Executive Director until August 12, 2002, after which date, he performed no services for BTWC, in any capacity. Exhibit 5.

7. Denied. Exhibit 1, Exhibit 3, Plaintiff's Exhibit 18.

8. Denied. Exhibit 1, Exhibit 3, Plaintiff's Exhibit 18.

9. Denied.  Exhibits 2(a)-(c).

10. Denied.  Exhibits 6-7.  Also denied that this allegation constitutes a material fact.

11. Denied.  Bessetti did not have the authority to hire or fire employees.  Exhibit 5. Bessetti was not responsible for establishing policy or other non-financial procedures for BTWC, including "hiring, training, evaluation, promotion and termination of agency staff."  Exhibit 5.

12. Denied.  Exhibit 4.

13. Denied.  Exhibits 5-7.

14. Denied.  Exhibit 6.

15. Denied.  Exhibit 6.

16. Denied.  Exhibit 5, Exhibit 6.

17. Denied.  At the direction of Sean Coleman, vice-president of the BTWC Board of Directors ("Coleman"), Sherrod came to work the next day to interview involved employees.  Exhibits 5-7.  He then chose to resume his vacation instead of completing the investigation.  At no time did Sherrod interview Bessetti, with or without Coleman, on August 7, 2002 or at any other time; although he had an opportunity to do so on August 12, 2002, he instead met with his mentor.  Exhibit 5.

18. Denied.  It is denied that the determination of an Unemployment Compensation Job Center employee – not even a referee – without a hearing, and without benefit of sworn testimony or cross-examination can establish any material fact in this matter.  Torres v. EAFCO, Inc., 2001 WL 41135 at *3 (E.D.Pa. Jan 17, 2001) (*citing* Rue v. K-Mart Corp., 552 Pa. 13, 713 A.2d 82, 86 (Pa.1998) (holding that the "substantial procedural and economic disparities between unemployment compensation proceedings and later civil

proceedings negate the preclusive effect of a Referee's factual findings")); *see also, e.g.*, Mendoza v. SSC & B Lintas, New York, 799 F.Supp. 1502, 1508 n. 2 (S.D.N.Y.1992) (*citing* University of Tennessee v. Elliott, 478 U.S. 788, 796, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986)) ("[u]nreviewed state administrative proceedings do not have preclusive effect with respect to claims brought under Title VII").

19. Admitted.  By way of further answer, Sherrod was not terminated because the August 6, 2002 field trip occurred.  Further, it is denied that this constitutes a material fact.

20. Denied as stated.  See response to ¶11.

21. Denied.  Exhibits 5-7.

22. Denied.  Exhibits 5-7.

23. Denied.  Exhibits 5-7.  Even if true, however, these allegations are not material and do not demonstrate any racial animus on the part of Coleman and BTWC.

24. Denied.  Exhibits 5-7.

25. Denied.  Exhibits 6-7.

26. Denied.  This is not a material fact, but the ultimate question in this case.  It is denied that Sherrod has presented any evidence of discriminatory animus.

27. Admitted that Sherrod so testified in his deposition.  Denied that this is a material fact.

28. Denied.  Exhibit 5.  Denied that this is a material fact.

29. Admitted that Sherrod has performed no services for BTWC since August 12, 2002.  Denied that his termination was based on any improper or discriminatory reason.

30. BTWC hereby incorporates its Statement of Undisputed Facts by reference, as if more fully set forth below.

    WHEREFORE, the Defendant, Booker T. Washington Center, demands judgment in its favor and against the Plaintiff, James Sherrod, as to all claims, together with an award of costs, counsel fees, and such other relief as this Honorable Court shall deem necessary and just.

Respectfully submitted,

QUINN, BUSECK, LEEMHUIS, TOOHEY
& KROTO, INC.

By  /s/Arthur D. Martinucci
    Arthur D. Martinucci, Esquire
    Pa. I.D. No. 63699
    2222 West Grandview Boulevard
    Erie, PA  16506-4509
    (814) 833-2222
    Attorney for the Defendant,
    Booker T. Washington Center