**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES C. SHERROD,**                    **Plaintiff** <br><br> **vs.** <br><br> **BOOKER T. WASHINGTON CENTER,**                    **Defendant** | **Civil Action No.  C.A. 04 – 208 ERIE** <br><br> **Magistrate Judge Susan Paradise Baxter** |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S UNTIMELY OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION OF JULY 24, 2006

AND NOW, comes the Defendant, Booker T. Washington Center ("BTWC"), by and through its attorneys, Quinn Buseck Leemhuis Toohey & Kroto, Inc., and files the within Response to Plaintiff's untimely Objections to the Magistrate Judge's Report and Recommendation, of which the following is a statement:

1.      The Plaintiff's Objections to the Magistrate Judge's Report and Recommendation were untimely filed without leave of Court or the consent of the Defendant.  The Defendant hereby incorporates by reference its Motion to Strike those Objections, as if more fully set forth below.

2.      Notwithstanding the untimeliness of the Plaintiff's Objections, and without waiving its rights vis-à-vis the pending Motion to Strike, the Defendant, BTWC, offers the following responses to Plaintiff's Objections.

3.      Sherrod's Objections fail to identify any actual error or abuse of discretion on the part of the Magistrate Judge.

4.    Although Sherrod insists that the Magistrate Judge failed to consider the "totality of the circumstances" (R&R, p.5), it is clear that is she did exactly what she did and, in doing so, found Sherrod's case entirely lacking in several dispositive points.

a. There is certainly no "direct evidence" of discrimination (R&R, p.9, n.6), and taking into account the record <u>as</u> <u>a</u> <u>whole</u>, the Magistrate Judge properly found that no inference of discrimination could reasonably be raised where an African-American executive director was terminated by a majority African-American Board of Directors (several members of which, Sherrod believed, either disliked him for non-racial reasons or wanted his job), and where he was replaced by <u>another</u> African-American man;

b. Likewise, the Court properly addressed the issue of the (lack of) disciplinary action taken against Brian Bessetti.  Bessetti is not an appropriate comparator because he was <u>not</u> the Executive Director.  While he might have been "in charge" of the office in during Sherrod's vacation, it was not his job to make sure that proper policies and procedures were in place, and employees adequately trained, prior to or on the date of the August 6, 2002 incident, nor was he the person responsible – vacation or no – for investigating and addressing the situation after the incident; and

c. Finally, the Court properly addressed the issue of pretext, and Sherrod's failure to demonstrate any reason to disbelieve BTWC's proffered justification for the decision to part company with Sherrod.

5.    To the contrary, it is Sherrod who, in his Objections, asks the Court to take a "snapshot" approach to the record:

a. He asks the Court to focus in on a single word, uttered by a member of his own protected class, and never in reference to him;

b. He asks the Court to consider irrelevant and inadmissible materials such as the Job Center determination of Sherrod's eligibility for unemployment compensation, which was unopposed and for which no hearing was held or testimony or evidence taken;

c. He asks the Court to focus all attention on the event of August 6, 2002 – and not the time before or the time after – and lay blame at the feet of his place holder instead of accepting responsibility for the circumstances leading up to the event and his failure to adequately (in the eyes of the Board) respond to the event itself.

6.    Sherrod also asks that the Court effectively stop its analysis after coming to (he asks) a favorable conclusion as to the status of his *prima facie* claim. Specifically, it appears that Sherrod wants the Court to find that he has stated a *prima facie* claim, assume an inference based on that determination, and then forego any further analysis.

7.    At no time does Sherrod ever consider the fact that there is simply <u>no</u> evidence presented to support such an inference.

    a.  What evidence forms the basis of his contention that Sherrod was terminated because of his race?

    b.  What evidence exists that would permit an inference of discrimination?

    c.  What evidence of pretext exists?

8.    In each instance the answer, based on the record now before the Court, is <u>none</u>.  Because of that lack of evidence, Summary Judgment is appropriate in this matter.

9.    Sherrod poses (at page 11 of his objections) a series of 4 questions and suggests that disagreement between the parties on these questions should preclude the granting of Summary Judgment.  Indeed, if these questions were "questions of material fact," Summary Judgment could <u>never</u> be granted in an employment discrimination case.  The questions posed, however, are <u>not</u> "questions of material fact"; to the contrary, they are questions of law to be addressed by the Court in the first instance.

10.    The first of these questions is the "ultimate question at issue" in this case, and one that the Court must determine on Summary Judgment by weighing the evidence presented.  The Magistrate Judge did exactly that, and found no evidence of discrimination.

11.    Sherrod's claims under the Wage Payment and Collection Law clearly fail, even under the analysis offered in his Objections:

    a. As noted in <u>Weldon v. Kraft</u>, 896 F.2d 793 (3rd Cir. 1990), the WPCL does not create any substantive rights;

    b. Under Pennsylvania law, absent a clear expression of intent to do so, employee handbooks do not constitute contracts. <u>Grose v. Procter & Gamble Products</u>, 866 A.2d 437 (Pa.Super. 2005)( *citing* <u>Rutherfoord v. Presbyterian-University Hospital</u>, 417 Pa.Super. 316, 612 A.2d 500, 503 (Pa.Super. 1992); and

    c. Finally, the handbook in question, in any event, does not provide the right claimed by Sherrod.  To the contrary, it refers to "suspension" at page 29 (Exhibit 17, p.30), but does not indicate paid or unpaid.  Under "Suspension Leave," at page 23 (Exhibit 17, p.24), the indication is that the initial 10 days of a suspension are to be unpaid, and that anything beyond 10 days "may be without pay."

    d. Sherrod, in his objections, points out no specific language to the contrary.

12.    Sherrod, in his Objections, has failed to point out any fact or evidence overlooked or clearly not considered by the Magistrate Judge, or any <u>reasonable</u> inference not granted to him in her consideration of this matter

WHEREFORE, the Defendant, Booker T. Washington Center, Inc., respectfully requests that this Honorable Court overrule Plaintiff's untimely Objections and adopt the Magistrate Judge's Report and Recommendation without change.

        Respectfully submitted,

        QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC

        By   /s/Arthur D. Martinucci
            Arthur D. Martinucci, Esquire
            Pa. I.D. No. 63699
            2222 West Grandview Boulevard
            Erie, PA  16506-4509

(814) 833-2222
Attorney for the Defendant,
Booker T. Washington Center