IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**James C. Sherrod**
**Plaintiff**

                       **CIVIL ACTION NO. 04-208 ERIE**
                       **JUDGE SEAN J. McLAUGHLIN/**
                       **MAGISTRATE JUDGE SUSAN BAXTER**
    **vs.**                            **Electronically Filed**

**Booker T. Washington Center**
**Defendant**


**PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

AND NOW, comes Plaintiff, James C. Sherrod, by and through his attorney, Edith Benson, and replies to Defendant's Motion to Strike as follows:

1. On July 24, 2006, Magistrate Judge Susan Paradise Baxter electronically filed a Report and Recommendation in the above-captioned matter.

2. Accompanying the Report and Recommendation was the following Docket Text:

> REPORT AND RECOMMENDATIONS that [25] MOTION for Summary Judgment filed by BOOKER T. WASHINGTON CENTER, be granted. Objections to R&R due by 8/10/06. Signed by Judge Susan Paradise Baxter on 7/24/06. (lrw)

3. On August 10, 2006, Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation.

4. Defendant's Motion is based on a statement within the body of the Report and Recommendation giving the parties ten (10) days from the date of service to file objections.

5. Plaintiff relied upon the date specified in the Docket Text, which accompanied the Report and Recommendation and was noted to have been signed by the Magistrate Judge, in submitting objections.

6. If such reliance is found to have been erroneous, Plaintiff's reliance should be deemed excusable neglect. <u>Lush v. Terri and Ruth F/V</u>, 309 F. Supp.2d 131 (2004).

7. Accepting for argument purposes that Plaintiff's Objections were due on August 3, not August 10, 2006, the seven (7) day unintended delay was not significant and had no potential impact on judicial proceedings. <u>Lush v. Terri and Ruth F/V</u>, 309 F. Supp.2d 131 (2004).

8. Based on its Motion, the Defendant has not shown it was prejudice by Plaintiff's compliance with the August 10, 2006 deadline.  Lush v. Terri and Ruth F/V, 309 F. Supp.2d 131 (2004).

9. The Defendant's reliance on Hammer v. Cardio Medical Products, Inc., 2006 WL 89927, W.D. Pa., January 11, 2006, a Slip Opinion, is inappropriate in that the holding in the case deals with recusal, not timeliness and is of no precedential value.

WHEREFORE, Plaintiff ask that Defendant's Motion to Strike Plaintiff's Objections to Magistrate Judge's Report and Recommendation be denied.

                                                        Respectfully submitted,

                                                        /s/ Edith Benson
                                                  _____
                                                  Edith Benson, Esquire
                                                  Benson Law Office
                                                  4683 Budd Drive
                                                  Erie, PA 16506
                                                  814-838-3670
                                                  PA Atty. No. 33510